1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  BRIGID S. MARTIN (CABN 231705)
   Assistant United States Attorney
5       1301 Clay Street, Suite 340S
        Oakland, California 94612
6       Telephone: (510) 637-3680
        FAX: (510) 637-3724
7       brigid.martin@usdoj.gov

8  Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>SUKHVINDER SINGH,   )<br>   a/k/a Cordell Daniel Hayes,   )<br>   a/k/a Manraj Singh,   )<br>   )<br>   Defendant.   )<br>_____   ) | CR 16-00487 JD<br><br>[~~PROPOSED~~] ORDER OF DETENTION PENDING TRIAL |

Defendant Sukhvinder Singh is charged in a single-count Indictment with False Statement in Application for United States Passport, in violation of 18 U.S.C. § 1542.

On January 5, 2017, the defendant made his initial appearance on the charged Indictment in the captioned case. The United States moved for detention. The case was put over for identification of retained counsel and arraignment, and status on detention. On January 9, 2017, the defendant was arraigned and entered a plea of not guilty. Defense counsel Charles Woodson, standing in for retained counsel William Du Bois, confirmed that Mr. Du Bois was retained and would serve as counsel for the defendant. At defense counsel's request, the Court ordered a full bail study by the Pretrial Services

Proposed Order of Detention
CR 16-00487 JD

1  Office.  A detention hearing was set for January 12, 2017.

2        On January 12, 2017, defense counsel William Du Bois and government counsel Brigid Martin
3  appeared before the Court for the scheduled detention hearing.  Following a full detention hearing,
4  including the defendant's proffer of a possible surety, and considering the Pretrial Services bail study
5  and oral proffers of counsel as reflected on the record, and the factors set forth in 18 U.S.C. § 3142(g),
6  the Court ordered the defendant detained, finding that the government had met its burden of showing by
7  a preponderance of the evidence that no condition or combination of conditions in 18 U.S.C. § 3142(c)
8  will reasonably will reasonably assure the appearance of the defendant as required if he is not detained
9  in custody pending resolution of the charged offense.

10        The defendant may request a further detention hearing should his circumstances change at any
11  future time.  *See* 18 U.S.C. § 3142(f).

12        The defendant is committed to the custody of the Attorney General or a designated representative
13  for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or
14  serving sentences or held in custody pending appeal.  18 U.S.C. § 3142(i)(2).  The defendant must be
15  afforded a reasonable opportunity to consult privately with counsel.  18 U.S.C. § 3142(i)(3).  On order
16  of a court of the United States or on request of an attorney for the government, the person in charge of
17  the corrections facility must deliver the defendant to the United States Marshal for court appearances.
18  18 U.S.C. § 3142(i)(4).

20        IT IS SO ORDERED.

23  DATED: ___1/13_____, 2017          *Kandis Westmore*
24                              HON. KANDIS A. WESTMORE
                               United States Magistrate Judge

Proposed Order of Detention
CR 16-00487 JD